**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division**

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:18cv00012** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | |
| **MEDICAL ASSISTANCE** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT RULE 26(f) REPORT

Plaintiff Melinda Scott ("Plaintiff"), pro se, and Defendant Virginia Department of

Medical Assistance Services ("Defendant"), by counsel, (collectively, the "Parties") submit their

Joint Rule 26(f) Report as follows.

**I.     Meeting of Parties**:  The Parties met by telephone conference on September 26, 2018 to

discuss the matters set out in Rule 26(f) of the Federal Rules of Civil Procedure (the "Rules").

The conference was attended by Plaintiff and by Assistant Attorneys General Jennifer L. Gobble

and Sheri H. Kelly on behalf of Defendant.

**II.     Trial, Dispositive Motions, and Mediation**:  Pursuant to the Court's Notice to Counsel

Regarding Scheduling Conference, ECF No. 21, the Parties conferred on the following:

(1)     Plaintiff's Complaint did not demand a trial by jury, and Defendant has not yet

filed its Answer asserting its position on this issue.  Regardless of whether the trial is a bench

trial or a jury trial, the Parties agree that two days is sufficient for trial.

(2)     The Parties were not able to agree on the timing of the trial and will present their

respective positions to the Court during the scheduling conference.  The Parties agree that

dispositive motions should be filed at least sixty days before the trial, as set out in the Court's form Scheduling Order.

(3)    At this time, it does not appear to the Parties that mediation would be helpful in attempting to resolve this case.  In addition, the Parties discussed the possibility of settlement, as required by Rule 26(f), and Defendant stated its position that settlement discussions are premature at this stage of the action.

**III.    <u>Discovery Plan</u>**:  Pursuant to Rule 26(f), the Parties developed during their conference and respectfully submit to this Court a proposed discovery plan indicating the Parties' joint proposals on the following:

**(A)    Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made:**

The Parties conferred but were unable to reach agreement on the timing of the initial disclosures under Rule 26(a).  Defendant will file a Motion for Protective Order asking the Court to delay the exchange of initial disclosures under Rule 26(a)(1) until the Court has ruled on Defendant's Motion to Dismiss, ECF No. 16, which raises jurisdictional defenses.

**(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The Parties conferred but were unable to reach agreement on the timing of discovery or whether it should be conducted in phases.  Defendant will file a Motion for Protective Order asking the Court to delay the commencement of discovery until the Court has ruled on the Motion to Dismiss.  The Parties reached agreement on the following:

<u>Joint Proposal</u>:  The Parties agree to commence all forms of discovery in sufficient time to be completed at least seventy-five days prior to trial, as set out in the Court's form Scheduling

Order.  In addition, the Parties agree to confer in the event that one or both Parties determine an extension of any time limit is needed and to seek consent of the Court to modify the scheduling order in accordance with Rule 16(b)(4).

> **(C)    Issues about disclosure, discovery, or preservation of electronically stored information, including the form(s) in which it should be produced:**

Joint Proposal: The Parties agree to the limitations on electronically stored information set out in Rule 26(b)(2)(B).  In addition, they agree to confer to address any issues regarding the form(s) in which electronically stored information should be produced when those issues arise.

> **(D)    Issues about claims of privilege or of protection as trial preparation materials:**

Joint Proposal: The Parties agree to the procedures governing privilege and trial preparation materials set out in Rule 26(b)(5).

> **(E)    Changes that should be made in the limitations on discovery imposed under the Rules or by local rule, and other limitations that should be imposed;**

Joint Proposal: Aside from the modifications proposed herein, the Parties seek no additional changes to the discovery limitations imposed by the Rules or by local rule.

> **(F)    Other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

As stated above, the Parties conferred but were unable to reach agreement on certain aspects of discovery.  Defendant will file a Motion for Protective Order regarding the timing of initial disclosures and other discovery.  The Parties reached agreement on the following:

Joint Proposal:  The Parties do not request any modifications to the Court's form Scheduling Order under Rule 16(b), and they do not seek any orders under Rule 16(c) at this time.

In addition, the Parties intend to submit a proposed Agreed Protective Order under Rule 26(c) to protect the confidentiality of certain personally identifiable information of Plaintiff and

her son during discovery and further proceedings in this action. The protected information will include Plaintiff's residential address and the following information regarding Plaintiff's son: legal name, Medicaid identification number, Virginia Medicaid Elderly or Disabled with Consumer Direction Waiver program identification number, and symptoms of disability.

The Parties further agree that nothing in this discovery plan will supersede the provisions of any subsequent Protective Order, Order under Rule 502 of the Federal Rules of Evidence, or other Order concerning the conduct of discovery. They also agree that nothing in this discovery plan is intended to affect their ability to object to discovery requests as permitted by the Rules.

Respectfully submitted,

_____/s/ Sheri H. Kelly_____
Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA
204 Abingdon Place
Abingdon, Virginia 24211
Telephone: (276) 628-2964
Facsimile: (276) 628-4375
Email: skelly@oag.state.va.us
*Counsel for Defendant Virginia Department
of Medical Assistance Services*

MARK R. HERRING
Attorney General

CYNTHIA V. BAILEY
Deputy Attorney General

KIM F. PINER
Senior Assistant Attorney General

*JENNIFER L. GOBBLE (VSB No. 65493)
Assistant Attorney General

Respectfully submitted,

_____*/s/* Melinda L. Scott_____
Melinda L. Scott
P.O. Box 1133-2014PMB87
Richmond, VA 23218
Telephone: (540) 692-2342
Email: mscottw@gmu.edu
*Pro Se Plaintiff*

OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4905
Facsimile:  (804) 371-8718
Email:  jgobble@oag.state.va.us
*Counsel for Defendant Virginia Department
of Medical Assistance Services

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, and I emailed and mailed a copy by U.S.

mail to the *pro se* Plaintiff at the address below:

Ms. Melinda L. Scott
P.O. Box 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu

*/s/ Sheri H. Kelly*
Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
204 Abingdon Place
Abingdon, Virginia 24211
Telephone:  (276) 628-2964
Facsimile:  (276) 628-4375
Email: skelly@oag.state.va.us
*Counsel for Defendant Virginia Department of
Medical Assistance Services*