# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Big Stone Gap Division

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:18cv00012 |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| MEDICAL ASSISTANCE ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR PROTECTIVE ORDER

Defendant Virginia Department of Medical Assistance Services ("DMAS"), by counsel, asks this Court to enter a protective order temporarily suspending initial disclosures and discovery in this case, pursuant to Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure ("Rules"). In support thereof, DMAS states as follows:

1.  In response to the Complaint filed by Plaintiff Melinda Scott ("Plaintiff"), DMAS filed a Motion to Dismiss, asserting defenses including the jurisdictional defense of Eleventh Amendment immunity under Rule 12(b)(1). (*See* Motion to Dismiss, ECF No. 16; Memorandum in Support at 6-8, ECF No. 16-1; Reply at 1-4, ECF No. 20.)

2.  Briefing on the Motion to Dismiss is complete, so Plaintiff does not require discovery to permit her to respond to the motion. (*See* Response, ECF No. 18; Order at 2, ECF No. 17 (ordering Plaintiff to include in her response to the Motion to Dismiss all matters that she wished the Court to consider, and explaining that the Court would consider only these matters).)

3.  The Motion to Dismiss, and in particular the jurisdictional defense of Eleventh Amendment immunity, is dispositive of all claims against DMAS, and a decision granting the motion would obviate the need for initial disclosures or discovery. DMAS, as an agency of the

Commonwealth of Virginia, has absolute immunity from suit by private parties in federal court. *See Caperton v. Va. Dep't of Transp.*, No. 3:15-cv-00036, 2015 U.S. Dist. LEXIS 145926, at *8-9 (W.D. Va. 2015) (finding that "suits against the States and their agencies . . . are barred regardless of the relief sought" (quoting *P.R. Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993)).

4. As this Court has recognized, Eleventh Amendment immunity is an immunity from suit, not merely a defense to liability, and subjecting a non-consenting state or state agency to discovery before the defense is adjudicated negates an important purpose and protection of this immunity. *See Rhea v. Va. Dep't of Corr.*, No. 1:02-cv-00147, 2002 U.S. Dist. LEXIS 20199, at *5 (W.D. Va. Oct. 23, 2002) ("[T]he nature of the Eleventh Amendment requires the court to dismiss the case once the defense has been established. To subject a defendant that is immune from suit to discovery would be unwarranted.").

"The Eleventh Amendment does not exist solely in order to prevent federal-court judgments that must be paid out of a State's treasury, it also serves to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) (citing *P.R. Aqueduct.*, 506 U.S. at 146) (other internal citations, punctuation omitted). "Since the Eleventh Amendment serves to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties, the court will not permit discovery without, at least, a colorable showing that the Commonwealth might have waived its Eleventh Amendment immunity and agreed to submit to suit in federal court." *Am. Fed'n of State, Cty. & Mun. Emples. v. Virginia*, 949 F. Supp. 438, 444 (W.D. Va. 1996) (quoting *Seminole Tribe*, 517 U.S. at 58; *P.R. Aqueduct*, 506 U.S. at 146). Plaintiff has made no such "colorable showing" of waiver here.

2

5. DMAS certifies that it conferred in good faith with Plaintiff during the parties' Rule 26(f) conference on its request to delay initial disclosures and discovery, but the parties were unable to reach agreement. Plaintiff's position is that initial disclosures should be exchanged within fourteen days after the parties' Rule 26(f) conference and that she should be permitted to seek discovery immediately. On information and belief, Plaintiff has already issued Rule 34 document production requests to DMAS, though DMAS has not yet received the requests as of the filing date of this Motion.

6. DMAS requests that the Court order the parties: (1) to delay the exchange of initial disclosures until the Court enters an Order denying the Motion to Dismiss in whole or in part, at which time the parties would exchange initial disclosures within fourteen days of the date of the Order; and (2) to delay seeking discovery until the Court enters an Order denying the Motion to Dismiss in whole or in part, at which time the parties could immediately seek discovery, and discovery responses would be due within the times set out in the applicable Rules.

Wherefore, DMAS respectfully moves the Court for entry of a protective order suspending initial disclosures and discovery until the Court has adjudicated the Motion to Dismiss.

Respectfully submitted,

    /s/ Sheri H. Kelly
Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
204 Abingdon Place
Abingdon, Virginia 24211
Telephone: (276) 628-2964
Facsimile: (276) 628-4375
Email: skelly@oag.state.va.us
*Counsel for Defendant Virginia Department of Medical Assistance Services*

3

MARK R. HERRING
Attorney General

CYNTHIA V. BAILEY
Deputy Attorney General

KIM F. PINER
Senior Assistant Attorney General

*JENNIFER L. GOBBLE (VSB No. 65493)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4905
Facsimile:  (804) 371-8718
Email:  jgobble@oag.state.va.us
*Counsel for Defendant Virginia Department of
Medical Assistance Services*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I emailed and mailed a copy by U.S. mail to the *pro se* Plaintiff at the address below:

Ms. Melinda L. Scott
P.O. Box 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu

                                           */s/ Sheri H. Kelly*
Sheri H. Kelly (VSB No. 82219)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
204 Abingdon Place
Abingdon, Virginia 24211
Telephone:  (276) 628-2964
Facsimile:   (276) 628-4375
Email: skelly@oag.state.va.us
*Counsel for Defendant Virginia Department of
Medical Assistance Services*

4