UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Big Stone Gap Division

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 04 2018

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: 2:18cv00012 |
| | ) |
| VIRGINIA DEPARTMENT OF | ) |
| MEDICAL ASSISTANCE | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO STRIKE

Defendant has filed for a protective order on October 1, 2018. Plaintiff moves to Strike Defendant's Motion for a Protective Order. Plaintiff presents the following in support of her Motion to Strike:

A. Legal Standard

1. The purpose of a Protective Order under Rule 26(5)(c)(1) is "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". None of the reasons in the Defendant's Motion for a Protective Order show good cause for the criteria in Rule 26(5)(c)(1). Plaintiff asserts that Defendant's request for a Protective Order is to suppress evidence of relevant documents.

B. Plaintiff's rights under the Rules

2. Plaintiff has filed a request under Rule 25(d) for the disclosure of facts that are relevant to a(ny) ruling on the Motion to Dismiss. In Defendant's reply dated August 21, 2018, Defendant states that they "[do] not admit the accuracy, completeness, and/or sequence of Plaintiff's alleged facts in the Complaint" (footnote 4). This ambiguous statement is a tactic to curtail a proper ruling on a(ny) Motion to Dismiss by an attempt to suppress evidence of relevant facts stated in Plaintiff's letter dated February 16, 2018.

3. The Defendant has not stated any good cause for why Plaintiff should forfeit her right to use the Rules for discovery without modification.

C. The State of Virginia's consent to suit

4. The State of Virginia has consented to suit under the Virginia Human Rights Act (§2.2-3900, §2.2-3901, §2.2-3903D). Defendant has overlooked Plaintiff's mention of the Virginia Human Rights Act in her Response pleading (Section "IV"). Plaintiff stated "the Defendant could have consented to a suit". Defendant acknowledged in their Reply on September 12, 2018 the phrase "could have consented" (Section II). However, Defendant wrongfully assumes Plaintiff has extended this "consent" statement to the State of Virginia. What Plaintiff stated was that <u>the Defendant</u> could have consented, not that the State of Virginia has not.

Defendant stated in their (second) Reply "Plaintiff has pointed to no waiver of sovereign immunity by DMAS, nor any abrogation of immunity by Congress ". That is inaccurate. Plaintiff clearly mentioned the Virginia Human Rights Act in Section "IV" of her Response.

In the Virginia Human Rights Act the general assembly stated (§2.2-3903(D)):

"D. Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures, and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.".

Accordingly, since Federal Law protects religious freedoms and civil rights under the First Amendment, Virginia Code 2.2-3903(D) (Virginia Human Rights Act) is Virginia Congress consenting to suits which discriminate upon religious beliefs. "Other cases interpreting the preclusive effect of the VHRA have similarly *allowed causes of action related to the VHRA only when they were based on other, extrinsic sources of law*." (emphasis added) (*Jackson v. Liberty University Dist. Court, WD Virginia, 2017* citing *Collins v. Franklin, 142 F. Supp. 2d 749, 751 (W.D. Va. 2000)*). Here, the Plaintiff is asserting a First Amendment violation and therefore, her case qualifies under Virginia Code 2.2-3903(D).

5. The State of Virginia has consented to suit under §57-1, the Act for Religious Freedom. In 1985 the Act for Religious Freedom was reaffirmed. Whereby, the general assembly declared that:

"Whereas, Almighty God hath created the mind free; that all attempts to influence it by temporal punishment, or burthens, or by *civil incapacitations*, tend only to beget habits of hypocrisy and meanness..." (emphasis added)

and

"...that the impious presumption of *legislators* and rulers, *civil* as well as ecclesiastical, who, being themselves but fallible and uninspired men, have *assumed dominion over the faith of others, setting up their own opinions and modes of thinking as the only true and infallible, and as such endeavoring to impose them on others...*" (emphasis added)

but

"...to compel a man to furnish contributions of money for the propagation of opinions which he disbelieves, is sinful and *tyrannical*..." (emphasis added)

because

"... to suffer the civil magistrate to intrude his powers into the field of opinion, and to restrain the profession or propagation of principles on supposition of their ill tendency, is a dangerous fallacy, which at once destroys all religious liberty..."

so it was stated:

"Be it enacted by the General Assembly, That no man shall be compelled to frequent or support any religious worship, place or ministry whatsoever, *nor shall be enforced, restrained, molested or burthened, in his body or goods, nor shall otherwise suffer on account of his religious opinions or belief*, but that all men *shall be free* to profess, and by argument *to maintain, their opinions in matters of religion, and that the same shall in no wise diminish, enlarge or affect their civil capacities*...and that if any act shall be hereafter passed to repeal the present, or to narrow its operation, such act will be an infringement of natural right." (emphasis added)

**WHEREFORE**, having shown this honorable court that the Virginia Department of Medical Assistant Services ("DMAS") is subject to suit in the above named cause of action for failure to afford the Plaintiff her religious liberties protected by Federal and Virginia state law, the Plaintiff requests this honorable court to strike the Defendant's Motion for a Protective Order, allowing the Plaintiff to proceed to Discovery according to the Rules.

I ASK FOR THIS

_____
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
mscottw@gmu.edu
540-692-2342

## CERTIFICATE OF SERVICE

I, Melinda Scott, Plaintiff in the above named suit affirm that I have mailed a copy of this Motion to Strike to the Defendant, by Counsel, to Sheri Kelly, Esquire, 204 Abingdon Place, Abingdon, Virginia 24211 and Jennifer Gobble, Esquire, at 202 North 9th Street, Richmond, Virginia 23219 on this 2nd day of October, 2018.

Respectfully,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
mscottw@gmu.edu
540-692-2342