# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18CV00012 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By: James P. Jones |
| **MEDICAL ASSISTANCE SERVICES,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Melinda Scott, Pro Se Plaintiff; Jennifer L. Gobble, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant.*

The plaintiff in this civil action pursuant to 42 U.S.C. § 1983, Melinda Scott, proceeding pro se, asserts a claim against the Virginia Department of Medical Assistance Services ("DMAS") based on alleged violations of her First Amendment rights. Scott alleges that a DMAS policy prohibiting a parent from serving as a child's in-home caregiver discriminates against the religious practices of her family, attempts to restrict the free exercise of her religion, and establishes religious standards for the state. DMAS has moved to dismiss Scott's action for lack of subject-matter jurisdiction, contending that the state's Eleventh Amendment sovereign immunity bars Scott's suit and that Scott lacks standing to bring her suit, and for failure to state a claim upon which relief can be granted. For

the reasons that follow, I conclude that the Eleventh Amendment bars Scott's suit against DMAS, and therefore I will grant the motion.

I.

The following facts are undisputed for the purposes of the present motion.

DMAS is the Virginia agency that administers the state's Medicaid program, which provides medical coverage to eligible Virginia residents in need of healthcare assistance. Title XIX of the Social Security Act, known as the "Medicaid Act," requires states to promulgate a medical assistance plan (the "State Plan") setting forth state regulations governing the state's Medicaid program. 42 U.S.C. § 1396a. In administering the State Plan, DMAS is authorized to issue rules, regulations, and policies on program matters. 42 C.F.R. § 431.10(e); Va. Code Ann. § 32.1-325(A).

In April 2016, Scott's minor son was enrolled in a Virginia Medicaid program known as the Elderly or Disabled with Consumer Direction Waiver ("EDCD Waiver"). The EDCD Waiver allows recipients to hire persons to provide in-home personal care services paid for by Medicaid. Scott's son receives in-home services through a provision of the program that allows a family member to hire the caregiver.

In February 2018, Scott attempted to enroll her spouse, who is her son's stepfather, as her son's in-home caregiver under the EDCD Waiver. Scott's

service facilitator notified her that, pursuant to DMAS policy, her son's stepfather could not be paid as an attendant caregiver.[1]  Scott then wrote to DMAS requesting an exception to this policy.  In her letter, Scott asserted that no other attendant can meet her son's needs because her religious beliefs dictate that only a male relative can help bathe her son, and she had only had females apply to be her son's attendant.  Scott also asserted that her religious beliefs require that parents be the primary caretakers of their children, and it is against her religious beliefs for males who are not her husband, father, or brother to be in the house alone with her.  DMAS denied Scott's request, maintaining that Scott could not enroll her son's stepfather as an attendant.

Scott then filed the present action, alleging that DMAS's policy prohibiting a parent from serving as a child's in-home attendant, as applied to her, violates the First Amendment.  Scott asserts that the policy discriminates against her family's

---

[1] This policy states,

> A personal care attendant cannot be the parent (biological, step parent, adoptive, legal guardian) of the minor child or spouse of the individual receiving waiver services.  Payment may be made for services rendered by other family members or caregivers living under the same roof as the individual receiving waiver services only when there is written, objective documentation as to why no other attendant is able to provide services for the individual.

DMAS, *Elderly or Disabled with Consumer Direction Waiver Services Provider Manual* ch. II, at 32 (2017), https://www.virginiamedicaid.dmas.virginia.gov/wps/portal/Provider Manual (follow "Available Manuals" hyperlink).

.

religious practices and attempts to restrict the free exercise of her religion. DMAS has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the court lacks subject-matter jurisdiction because the suit is barred by the Eleventh Amendment and because Scott lacks standing to bring her suit, and pursuant to Rule 12(b)(6), arguing that Scott's Complaint fails to state a claim against DMAS. The Motion to Dismiss has been fully briefed and is now ripe for decision.[2]

## II.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not by its terms bar suits against a state by its own citizens, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

In *Ex Parte Young*, the Supreme Court carved out an exception to a state's Eleventh Amendment immunity. 209 U.S. 123, 167 (1908). Under this exception,

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

suits may be brought against state officers to enjoin them from enforcing unconstitutional acts. *Id.* However, this exception is narrow — it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also S.C. State Ports Auth. v. Fed. Mar. Comm'n*, 243 F.3d 165, 177 (4th Cir. 2001) (finding that the *Ex Parte Young* exception was irrelevant to the case because the plaintiff brought suit against the state agency itself).

Given a state's "unique dignitary interest in avoiding suit," the court should address Eleventh Amendment immunity questions as soon as possible after a state asserts its immunity. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005). When a state's motion to dismiss asserts that the Eleventh Amendment bars the case and, if not, the case should be dismissed pursuant to Rule 12(b)(6), the court should first determine whether the Eleventh Amendment bars the case. *Id.* at 483.

In its Motion to Dismiss, DMAS argues that, among other things, the Eleventh Amendment precludes Scott's suit because DMAS is an agency of the state, and thus it is entitled to the state's immunity. Scott counters that the Eleventh Amendment does not bar her suit because she is seeking injunctive relief rather than monetary damages or a monetary award.

I find that the Eleventh Amendment bars Scott's suit. Scott brought her suit against DMAS itself, rather than the appropriate state official charged with the specific duty of enforcing the contested DMAS policy. Thus, the *Ex Parte Young* exception does not apply, and her suit is barred regardless of the relief sought. *See P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 146. Accordingly, I will grant DMAS's Motion to Dismiss. A separate Order will be entered forthwith.

DATED: October 19, 2018

/s/  James P. Jones
United States District Judge